CHILDREN Pursuant to 10 O.S. 1107 [10-1107](b) (1971) as amended by 10 O.S. 1197 [10-1197](B) (1977), an officer may take any minor into custody without an arrest warrant or court detention order, only if it appears to such officer, in his professional judgement, that such child is in surroundings which could endanger his welfare. The officer is required by law to immediately report the detention of any minor to "a judge of the district court . . ." in compliance with 10 O.S. 1107 [10-1107](B) (1977). The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: What authority do police officers have to take children into custody, when there are no grounds for arrest? The Legislature has specifically provided for police authority to take minors into custody when it is deemed necessary for the minor's protection, health, and welfare. That provision is found at 10 O.S. 1107 [10-1107](B) (1971), which provides in part: "Nothing in this chapter shall be construed as forbidding any peace officer or any employee of the court from immediately taking into custody any child who is found violating any law or ordinance, or whose surroundings are such as to endanger his welfare. In every such case, the officer or employee taking the child into custody shall immediately report the fact of his detention to a judge of the district court in the county in which the child was taken into custody. . . ." (Emphasis Added) The authorization found in 10 O.S. 1107 [10-1107](B) rests on an officer's assessment of the existence of an emergency situation regarding a child's welfare. In other situations, the taking of a child into custody when no public offense has been committed must be pursuant to a juvenile court-ordered warrant or detention order. In situations, then, when an officer ascertains that the immediate taking of a child into custody is necessary for the protection of the child's health and safety, the officer is statutorily authorized to so proceed. The assessment of the need for such action must be and is wholly within the professional judgment of the police officer and his scope of authority. It should be noted that an officer is required by law to immediately report the detention of a minor to a "judge of the district court . . . etc." The Code contemplates clearly that a juvenile, upon being taken into custody, is to be treated quite differently than an adult who has been arrested. Under 10 O.S. 1107 [10-1107](A)(B)(C) and 10 O.S. 1108 [10-1108](a) (1977), great pains have been taken by the Legislature to separate minors who have been detained from adults who have been arrested on public offenses. Neither is there any mention of a juvenile "booking" process comparable to the adult procedure. Therefore, it is clear that such a process is outside the scope of police authority. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Pursuant to 10 O.S. 1107 [10-1107](b) (1971) as amended by 10 O.S. 1107 [10-1107](B) (1977), an officer may take any minor into custody without an arrest warrant or court detention order, only if it appears to such officer, in his professional judgment, that such child is in surroundings which could endanger his welfare. The officer is required by law to immediately report the detention of any minor to "a judge of the district court . . ." in compliance with 10 O.S.Supp. 1107(B) (1977). (CATHERINE GATCHELL NAIFEH)